UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUDRAIN JONES,

        Petitioner,

v.                                   CAUSE NO. 3:22-CV-869-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-6-447) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

Mr. Jones argues that he is entitled to habeas relief because he did not receive adequate notice of the disciplinary charges against him. He asserts that he received notice of the conduct report on July 1, 2021, and that the hearing occurred less than 24 hours later on July 2, 2021. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." *Id.* It is unclear from the administrative record as to when the disciplinary hearing occurred on July 2, 2021. As a result, the

Warden concedes the possibility that Mr. Jones may not have received the full 24 hours' notice but argues that this deficiency amounts to harmless error. Notably, Mr. Jones did not request any evidence at screening (ECF 8-2), and he does not otherwise explain how the lack of additional time harmed his ability to present a defense in this case. Therefore, the claim that Mr. Jones received inadequate notice is not a basis for habeas relief.

Mr. Jones argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer's lack of training and experience with prison disciplinary proceedings affected the hearing decision. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Further, Mr. Jones does not explain how a hearing officer's lack of training and experience amounts to improper bias, nor does he cite any legal authority for this proposition. As a result, the claim of improper bias is not a basis for habeas relief.

Mr. Jones argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*,

963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Jones' filings demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF 1; ECF 2; ECF 8-1. Therefore, the argument that Mr. Jones received inadequate assistance from a lay advocate is not a basis for habeas relief.

If Mr. Jones wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Audrain Jones leave to appeal *in forma pauperis*.

SO ORDERED.

March 2, 2023                                              *s/ Damon R. Leichty*
                                                          Judge, United States District Court